PROB 12B
(SD/FL 9/96)

SD/FL PACTS No. 74161

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 02-80143--MIDDLEBROOKS**

**Request for Modifying the Conditions or Term of Supervision**
**With Consent of the Offender**
**(Probation Form 49, Waiver of Hearing is Attached)**

Name of Offender: FAGAN, William

Name of Sentencing Judicial Officer: The Honorable Donald M. Middlebrooks, United States District Judge, West Palm Beach, Florida

Date of Original Sentence: February 23, 2003

Original Offense: Felon in possession of a firearm, 18 U.S.C. §922(g)(1), a Class A felony

Original Sentence: 180 months imprisonment, three years supervised release, $100 Special Assessment. The Court imposed the following special conditions of supervision: 1) Participate in an approved treatment program for drug and/or alcohol abuse as directed by the Probation Office; 2) Participate in an approved inpatient/outpatient mental health treatment program as directed by the Probation Office; 3) Maintain full-time legitimate employment and not be unemployed unless excused by the Probation Officer; 4) Submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer

Type of Supervision: Supervised Release Scheduled to be released from BOP on May 18, 2016.

---

**PETITIONING THE COURT**

☐ To extend the term of supervision for _____ years, for a total term of _____ years.
☒ To modify the conditions of supervision as follows:

The defendant shall attend and participate in a mental health treatment program and/or sex offender treatment program as approved and directed by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph and all other testing. The defendant will be required to make co-payment based on the defendant's ability to pay as determined by the probation officer.

The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and continue those restrictions as they pertain to avoiding risk situations throughout

the course of supervision. This includes not residing or going to places where a minor or minors are known to frequent without prior approval of the probation officer.

The defendant shall not associate with any child or children under the age of 18 except in the presence and supervision of an adult specifically designated in writing by the probation officer. The probation officer will notify the designated adult of risks occasioned by the defendant's criminal record or personal history or characteristics. The defendant shall permit the probation officer to make such notifications.

The defendant shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer.

The defendant shall not reside within 1,000 feet of the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, university or playground or a housing authority owned by a public housing authority or within 100 feet of a public or private youth center, public swimming pool or video arcade facility, without prior approval of the probation officer.

The defendant shall refrain from purchasing, possessing, or using any sexually stimulating or sexually oriented materials including but not limited to written, audio and visual depictions, such as, pornographic books, magazines, photographs, films, videos, DVDs, computer programs, or any other media for portrayal of the same.

The defendant shall not possess, or use, a computer, or electronic device with any internet capability at any location (including employment) without the prior written approval of the probation department. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

The defendant shall not use any computer (whether or not equipped with a modem or access to the internet) at any location (whether or not at his place of employment, residence, or elsewhere) without the prior written permission of his probation officer. The defendant shall not possess or use a phone with access to the internet.

The defendant will not own or possess any type of camera, photographic device, and or equipment (including video recording equipment), without approval of the probation officer.

The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision.

The defendant shall have no direct or indirect contact with the victim(s) without the prior written consent of the probation officer.

The defendant shall participate in the computer restriction/monitoring program and shall abide by all rules and requirements of the program.

If required to register under the Sex Offender Registration and Notification Act, the defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other

electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

**CAUSE**

On June 28, 2005, while serving the sentence imposed by this Court, the defendant pled guilty to Count 1, Battery of a child, and Count 2, False Imprisonment, in case number 02-12122CFA02, in the Criminal Division of the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County. The defendant was sentenced to five years custody of the Florida Department of Corrections to be served concurrently with the sentence of this Court. The Florida Department of Law Enforcement (FDLE) reviewed the facts of that case and determined that the crimes of false imprisonment and battery of a child had sexual intent/motive and, therefore, designated the defendant as a sex offender pursuant to Florida law.

On August 31, 2015, prior to the defendant's release from the BOP, the United States, by and through the United States Attorney's Office for the Eastern District of North Carolina, sought to have the defendant committed to the custody of the Attorney General after the defendant was certified as a Sexually Dangerous person pursuant to 18 U.S.C. §4248(a). On May 2, 2016, the Honorable James C. Dever, III, Chief United States District Judge for the Eastern District of North Carolina, held a bench trial in Case Number 5:15-HC-2198-D. On May 6, 2016, the Court announced its findings and conclusions, ultimately ruling in favor of the respondent, William Fagan, and against the petitioner, the United States. The Court found that "Although Fagan has engaged in sexually violent conduct and child molestation, the United States has failed to prove by clear and convincing evidence that Fagan is a sexually dangerous person as defined in the Adam Walsh Act." As a result of the ruling in that case, the defendant is scheduled to be released from the Bureau of Prisons on May 18, 2016.

The defendant has requested that he be released to the Western District of Texas to serve his supervised release. As a condition of accepting transfer of supervision, the Western District of Texas has requested that the special conditions of supervised release listed above be added to the existing special conditions imposed by this court on February 3, 2003. This has been explained to the defendant and, on May 13, 2016, the defendant signed the attached Probation Form 49, agreeing to the modifications of supervised release. The waiver was witnessed by Bureau of Prisons Unit Secretary, Janet Walker.

PROB 12B
(SD/FL 9/96)

SD/FL PACTS No. 74161

**RECOMMENDATION:** It is respectfully requested that the conditions of be modified to include the Sex Offender specific conditions listed above. Additionally, the Probation office in the West ern District of Texas has agreed to accept transfer of jurisdiction. Therefore, it is requested that Your Honor sign the enclosed Probation Form 22, initiating transfer of jurisdiction.

Respectfully submitted,

Scott Kirsche
2016.05.16
09:24:06 -04'00'

by: ______________________

Scott T. Kirsche
United States Probation Officer
Office: (561)804-6850
Cellular: (786)368-3258
Date: May 16, 2016

---

THE COURT ORDERS:

☐ No Action
☒ The Modification of Conditions as Noted Above
☐ Submit a Request for ☐ Warrant or ☐ Summons

______________________
Signature of Judicial Officer

5/16/16
______________________
Date