CLOSED

# U.S. District Court
# Southern District of Florida (West Palm Beach)
# CRIMINAL DOCKET FOR CASE #: 9:02−cr−80143−DMM−1

Case title: USA v. Fagan
Magistrate judge case number: 9:02−mj−05258

Date Filed: 09/03/2002
Date Terminated: 02/24/2003

---

Assigned to: Judge Donald M. Middlebrooks

Appeals court case numbers: 03−11−81−A, 03−11081−AA, 04−15358−C

**Defendant (1)**

**William George Fagan**
*DOB: 3/6/73 Prisoner No.: 72009−004*
*TERMINATED: 02/25/2003*

represented by **Dave Lee Brannon**
Federal Public Defender's Office
450 Australian Avenue
Suite 500
West Palm Beach, FL 33401
561−833−6288
Fax: 561−833−0368
Email: Dave_Brannon@fd.org
*TERMINATED: 02/25/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:922G.F UNLAWFUL TRANSPORT OF FIREARMS (1) | 180 months. The defendnat is designated to a facility in Florida to be close to family. Supervised Release for a term of 3 years. The defendant shall not possess a firearm. (See judgment for conditions of supervision). Assessment of $l00.00 to b e paid in full immediately. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:922G.F UNLAWFUL TRANSPORT OF FIREARMS | dismissed |

(2)

**Highest Offense Level (Terminated)**

Felony

**Complaints** | **Disposition**

POSSESSION OF FIREARM BY CONVICTED FELON
18:922(g)(1) [ 9:02−m −5258 ]

---

**Plaintiff**

**USA** represented by **Carolyn Bell**
United States Attorney's Office
500 South Australian Avenue
Suite 400
West Palm Beach, FL 33401
561−820−8711X3042
Fax: 659−4526
Email: Carolyn.Bell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/22/2002 | | | ARREST of William George Fagan [ 9:02−m −5258 ] (eg, Deputy Clerk) (Entered: 08/27/2002) |
| 08/22/2002 | 1 | | COMPLAINT as to William George Fagan [ 9:02−m −5258 ] (eg, Deputy Clerk) (Entered: 08/27/2002) |
| 08/22/2002 | 2 | | Minutes of Initial held on 08/22/02 before Ch. Magistrate Judge Linnea R. Johnson as to William George Fagan ; Court Reporter Name or Tape #: LRJ−02−52−2265/2863 [ 9:02−m −5258 ] (eg, Deputy Clerk) (Entered: 08/27/2002) |
| 08/22/2002 | 3 | | ORDER on Initial Appearance as to William George Fagan Bond set to Pretrial Detention., for Appointment of Public Defender Arraignment set for 9:30 9/5/02 ; Preliminary examination set for 9:30 9/5/02; before Duty Magistrate, , ( Signed by Ch. Magistrate Judge Linnea R. Johnson on 08/22/02) Tape # LRJ−02−52−2265/2863 CCAP [ 9:02−m −5258 ] (eg, Deputy Clerk) (Entered: 08/27/2002) |
| 08/23/2002 | 4 | | ORDER OF DETENTION as to William George Fagan ( Signed by Ch. Magistrate Judge Linnea R. Johnson on 08/23/02) CCAP [ 9:02−m −5258 ] (eg, Deputy Clerk) (Entered: 08/27/2002) |
| 09/03/2002 | 5 | 9 | INDICTMENT as to William George Fagan (1) count(s) 1−2 (Criminal Category 1) (Preliminary Examination cancelled.) (sg, Deputy Clerk) (Entered: 09/03/2002) |

| | | | |
|---|---|---|---|
| 09/03/2002 | | | Magistrate identification: Magistrate Judge LINNEA R. JOHNSON (sg, Deputy Clerk) (Entered: 09/03/2002) |
| 09/05/2002 | 6 | | ORDER RE: STATUS CONFERENCE, SPEEDY TRIAL, PRETRIAL MATTERS as to William George Fagan NOT APPLICABLE (Signed by Magistrate Ann E. Vitunac on 9/5/02) [EOD Date: 9/6/02] CCAP (Former Deputy Clerk) (Entered: 09/06/2002) |
| 09/05/2002 | 7 | | ARRAIGNMENT INFORMATION SHEET for William George Fagan (1) count(s) 1−2 NOT GUILTY PLEA ENTERED as to all counts. Court accepts plea. (Former Deputy Clerk) (Entered: 09/06/2002) |
| 09/05/2002 | 8 | | STANDING DISCOVERY ORDER as to William George Fagan all motions concerning matters not covered by this order must be filed within 28 days of this order ( Signed by Magistrate Ann E. Vitunac on 9/5/02) CCAP (Former Deputy Clerk) (Entered: 09/06/2002) |
| 09/05/2002 | 9 | | Minutes of Arraignment held on 9/5/02 before Magistrate Ann E. Vitunac as to William George Fagan; or Tape #: AEV02−68−1470 (Former Deputy Clerk) (Entered: 09/06/2002) |
| 09/05/2002 | 10 | | REPORT Commencing Criminal Action as to William George Fagan DOB: 3/6/73 Prisoner # 72009−004 (Former Deputy Clerk) (Entered: 09/06/2002) |
| 09/06/2002 | 11 | | ORDER SETTING JURY TRIAL:ORDER as to William George Fagan set Jury trial for 10/28/02 before Judge Donald M. Middlebrooks , set status conference for 9:00 10/21/02 before Judge Donald M. Middlebrooks , set status conference for 9:00 10/21/02 before Judge Donald M. Middlebrooks (Signed by Judge Donald M. Middlebrooks on 9/6/02) [EOD Date: 9/9/02] CCAP (Former Deputy Clerk) (Entered: 09/09/2002) |
| 09/06/2002 | 12 | | NOTICE of Assignment of Assistant Public Defender for William George Fagan . Terminated attorney Public Defender for William George Fagan AFPD Dave Lee Brannon assigned. (Former Deputy Clerk) (Entered: 09/09/2002) |
| 09/06/2002 | 13 | | DEMAND FOR DISCLOSURE of Witness by William George Fagan (Former Deputy Clerk) (Entered: 09/09/2002) |
| 09/06/2002 | 14 | | DEFENDANT'S INVOCATION OF RIGHT TO SILENCE AND COUNSEL by William George Fagan (Former Deputy Clerk) (Entered: 09/09/2002) |
| 09/13/2002 | 15 | | RESPONSE to Standing Discovery Order by USA as to William George Fagan (Former Deputy Clerk) (Entered: 09/16/2002) |
| 10/21/2002 | 16 | | Minutes of Change of Plea count 1 held on 10/21/02 before Judge Donald M. Middlebrooks as to William George Fagan ; Court Reporter Name Roger Watford (Former Deputy Clerk) (Entered: 10/21/2002) |
| 10/21/2002 | | | PLEA entered by William George Fagan . Court accepts plea. GUILTY: William George Fagan (1) count(s) 1 (Former Deputy Clerk) (Entered: 10/21/2002) |
| 10/21/2002 | 17 | | Plea Agreement as to William George Fagan (Former Deputy Clerk) (Entered: 10/21/2002) |
| 10/21/2002 | 18 | | NOTICE of Hearing as to William George Fagan: setting Sentencing for 8:30 1/7/03 before Judge Donald M. Middlebrooks in West Palm (Former Deputy |

| | | | |
|---|---|---|---|
| | | | Clerk) (Entered: 10/21/2002) |
| 12/02/2002 | 19 | | MOTION by William George Fagan to compel discovery (Former Deputy Clerk) (Entered: 12/03/2002) |
| 12/06/2002 | 20 | | RESPONSE by USA as to William George Fagan re [19−1] motion to compel discovery (Former Deputy Clerk) (Entered: 12/09/2002) |
| 12/06/2002 | 21 | | SEALED DOCUMENT as to William George Fagan (Former Deputy Clerk) (Entered: 12/09/2002) |
| 12/06/2002 | 22 | | SEALED DOCUMENT as to William George Fagan (Former Deputy Clerk) (Entered: 12/09/2002) |
| 12/09/2002 | 23 | | ORDER as to William George Fagan denying [19−1] motion to compel discovery as to William George Fagan (1) ( Signed by Ch. Magistrate Judge Linnea R. Johnson on 12/9/02) [EOD Date: 12/10/02] CCAP (Former Deputy Clerk) (Entered: 12/10/2002) |
| 12/09/2002 | 24 | | Minutes of Motion to compel held on 12/9/02 before Ch. Magistrate Judge Linnea R. Johnson as to William George Fagan; Motion denied as moot. Tape #: LRJ−02−83−3067 (Former Deputy Clerk) (Entered: 12/10/2002) |
| 12/18/2002 | 25 | | TRANSCRIPT filed as to William George Fagan of Plea Hearing held 10/21/02 @ 9:00am before Judge Donald M. Middlebrooks Pages: 1−16 (nc, Deputy Clerk) (Entered: 12/18/2002) |
| 12/18/2002 | 26 | | UNOPPOSED MOTION by William George Fagan to continue sentencing (Former Deputy Clerk) (Entered: 12/18/2002) |
| 12/23/2002 | 27 | | ORDER as to William George Fagan granting [26−1] motion to continue sentencing as to William George Fagan (1) setting Sentencing for 8:30 2/24/03 for William George Fagan before Judge Donald M. Middlebrooks ( Signed by Judge Donald M. Middlebrooks on 12/23/02) [EOD Date: 12/27/02] CCAP (kw, Deputy Clerk) (Entered: 12/27/2002) |
| 02/14/2003 | 28 | | OBJECTION by William George Fagan to Presentence Investigation Report (Former Deputy Clerk) (Entered: 02/14/2003) |
| 02/18/2003 | 29 | | RESPONSE by USA in opposition to [28−1] objection to PSI. (Former Deputy Clerk) (Entered: 02/19/2003) |
| 02/24/2003 | | | Sentencing held before Judge Donald M. Middlebrooks William George Fagan (1) count(s) 1 (Former Deputy Clerk) (Entered: 02/25/2003) |
| 02/25/2003 | 30 | 25 | JUDGMENT as to William George Fagan (1) count(s) 1. 180 months. The defendnat is designated to a facility in Florida to be close to family. Supervised Release for a term of 3 years. The defendant shall not possess a firearm. (See judgment for conditions of supervision). Assessment of $l00.00 to be paid in full immediately. Count(s) 2 dismissed (Signed by Judge Donald M. Middlebrooks on 2/25/03) [EOD Date: 2/25/03] CCAP (Former Deputy Clerk) (Entered: 02/25/2003) |
| 02/25/2003 | 31 | | Minutes of Snentencing held on 2/25/03 before Judge Donald M. Middlebrooks as to William George Fagan ; Court Reporter Name or Tape #: Roger Watford (Former Deputy Clerk) (Entered: 02/25/2003) |

| | | | |
|---|---|---|---|
| 02/25/2003 | 32 | | Exhibit and Witness List by William George Fagan (Exhibits attached) (Former Deputy Clerk) (Entered: 02/26/2003) |
| 02/27/2003 | 33 | | NOTICE OF APPEAL by William George Fagan re: [30−1] judgment order EOD Date: 02/25/03; William George Fagan (1) count(s) 1; Copies to USCA, AUSA, USM, USPO and Counsel of Record. (dj, Deputy Clerk) (Entered: 02/28/2003) |
| 02/28/2003 | | | Certified copies of Notice of Appeal, Docket and Order under appeal to USCA: as to William George Fagan [33−1] appeal (dj, Deputy Clerk) (Entered: 02/28/2003) |
| 03/07/2003 | 34 | | TRANSCRIPT INFORMATION FORM as to William George Fagan re: [33−1] appeal received on 3/11/03 from Court Reporter. (Returned to Court Reporter Coordinator) (Former Deputy Clerk) (Entered: 03/12/2003) |
| 03/10/2003 | | | NOTICE of Receipt of Notice of Appeal Transmittal Letter from USCA on 3/3/03 as to William George Fagan Re: [33−1] appeal USCA Number: 03−11−81−A (Former Deputy Clerk) (Entered: 03/10/2003) |
| 03/14/2003 | 35 | | Acknowledgement of Transcript Information Formas to William George Fagan re: [33−1] appeal by William George Fagan Transcript of: Sentencing & Plea held 2/24/03 & 10/21/02Transcript due on: 4/11/03 for William George Fagan ; Court Reporter name: Roger Watford (Former Deputy Clerk) (Entered: 03/18/2003) |
| 03/19/2003 | 36 | | MOTION by William George Fagan to appoint appealant counsel (mh, Deputy Clerk) (Entered: 03/19/2003) |
| 03/19/2003 | 37 | | NOTICE OF APPEAL by William George Fagan re: [30−1] judgment order EOD Date: 02/25/03; William George Fagan (1) count(s) 1; Copies to USCA, AUSA, USM, USPO and Counsel of Record. (dj, Deputy Clerk) (Entered: 03/24/2003) |
| 03/19/2003 | | | Certified copies of Notice of Appeal, Docket and Order under appeal to USCA: as to William George Fagan [37−1] appeal (dj, Deputy Clerk) (Entered: 03/24/2003) |
| 03/25/2003 | 38 | | Transcript Information Form as to William George Fagan for Transcript of: Sentnecing held 2/24/03 filed re: [37−1] appeal by William George Fagan (Former Deputy Clerk) (Entered: 03/25/2003) |
| 03/25/2003 | 39 | | TRANSCRIPT filed as to William George Fagan of Sentencing Hearing held 2/24/03 before Judge Donald M. Middlebrooks Volume #: 1 Pages: 1−17 re: [33−1] appeal . (Former Deputy Clerk) (Entered: 03/25/2003) |
| 03/27/2003 | 40 | | ORDER OF REFERENCE referring Motion(s) to Ch. Magistrate Judge Linnea R. Johnson as to William George Fagan : [36−1] motion to appoint appealant counsel as to William George Fagan (1) ( Signed by Judge Donald M. Middlebrooks on 3/27/03) [EOD Date: 3/27/03] CCAP (Former Deputy Clerk) (Entered: 03/27/2003) |
| 03/27/2003 | 41 | | Judgment Returned Executed as to William George Fagan on 3/18/03 at FCC Coleman USP Coleman Florida (Former Deputy Clerk) (Entered: 03/28/2003) |
| 03/28/2003 | 42 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Inquiry by William George Fagan as to William George Fagan (mh, Deputy Clerk) (Entered: 03/31/2003) |
| 04/04/2003 | 43 | | ORDER as to William George Fagan granting [36−1] motion to appoint appealant counsel as to William George Fagan (1) ( Signed by Ch. Magistrate Judge Linnea R. Johnson on 4/4/03) [EOD Date: 4/7/03] CCAP (Former Deputy Clerk) (Entered: 04/07/2003) |
| 04/16/2003 | 44 | | TRANSCRIPT INFORMATION FORM as to William George Fagan re: [37−1] appeal, [33−1] appeal received on 4/16/03 from Court Reporter. (Returned to Court Reporter Coordinator) (ga, Deputy Clerk) (Entered: 04/17/2003) |
| 04/30/2003 | 45 | | Acknowledgement of Transcript Information Formas to William George Fagan re: [37−1] appeal by William George Fagan Transcript of: Sentencing held 2/24/03 ; Court Reporter name: Roger Watford Satis factory arrangements for paying the cost of the transcript have not been made. (Former Deputy Clerk) (Entered: 05/02/2003) |
| 07/22/2003 | 46 | | Certificate of readiness transmitted to USCA as to William George Fagan re: [37−1] appeal by William George Fagan, [33−1] appeal by William George Fagan USCA # 03−11081−AA (Former Deputy Clerk) (Entered: 07/22/2003) |
| 07/22/2003 | | | Transmitted record on appeal to U.S. Court of Appeals as to William George Fagan: [37−1] appeal, [33−1] appeal consisting of One (1) volume of pleadings, One (1) volume of transcripts, One (1) PSI and One (1) brown envelope with Sealed Document #21 & 22 USCA #03−11081−AA (Former Deputy Clerk) (Entered: 07/22/2003) |
| 07/30/2003 | | | ACKNOWLEDGMENT of receipt by U.S.C.A. of: COR on 7/24/03; U.S.C.A. # 03−11081−AA (Former Deputy Clerk) (Entered: 07/30/2003) |
| 07/30/2003 | | | ACKNOWLEDGMENT of receipt by U.S.C.A. of: ROA on 7/24/03; U.S.C.A. # 03−11081−AA (Former Deputy Clerk) (Entered: 07/30/2003) |
| 11/24/2003 | 47 | | MANDATE OF USCA (certified copy)as to William George Fagan RE: [37−1] appeal, [33−1] appeal affirming judgment/order William George Fagan (1) count(s) 1 Date Issued: 11/20/03 USCA Appeal #: 03−11081−AA; Copy to Judge. (Former Deputy Clerk) (Entered: 11/24/2003) |
| 11/24/2003 | | | Record on appeal returned from U.S. Court of Appeals: [37−1] appeal by William George Fagan, [33−1] appeal by William George Fagan USCA #: 03−11081−AA (Former Deputy Clerk) (Entered: 11/24/2003) |
| 06/25/2004 | 48 | | MOTION by William George Fagan for transcriptions of court hearing (cj, Deputy Clerk) (Entered: 06/29/2004) |
| 07/21/2004 | 49 | | ORDER as to William George Fagan denying [48−1] motion for transcriptions of court hearing as to William George Fagan (1) ( Signed by Judge Donald M. Middlebrooks on 7/21/04) [EOD Date: 7/22/04] CCAP (cj, Deputy Clerk) (Entered: 07/22/2004) |
| 08/04/2004 | 50 | | Mail returned as undeliveralbe as to William George Fagan, docket #49 (Former Deputy Clerk) (Entered: 08/06/2004) |
| 10/07/2004 | 51 | | |

| | | | |
|---|---|---|---|
| | | | MOTION by William George Fagan to proceed in forma pauperis (Former Deputy Clerk) (Entered: 10/08/2004) |
| 10/07/2004 | | | Updated Docket Sheet sent to William George Fagan (nc, Deputy Clerk) (Entered: 10/14/2004) |
| 10/12/2004 | 52 | | ORDER as to William George Fagan denying [51−1] motion to proceed in forma pauperis as to William George Fagan (1) ( Signed by Judge Donald M. Middlebrooks on 10/8/04) [EOD Date: 10/14/04] CCAP (cj, Deputy Clerk) (Entered: 10/14/2004) |
| 10/14/2004 | 53 | | NOTICE OF APPEAL by William George Fagan re: [52−1] order EOD Date: 10/14/04; William George Fagan (1) count(s) 1; Filing Fee: $ (FEE NOT PAID) Copies to USCA, AUSA, USM, USPO and Counsel of Record. (nc, Deputy Clerk) (Entered: 10/14/2004) |
| 10/14/2004 | | | Certified copies of Notice of Appeal, Docket and Order under appeal to USCA: as to William George Fagan [53−1] appeal (nc, Deputy Clerk) (Entered: 10/14/2004) |
| 10/21/2004 | 54 | | Transcript Information Form re:as to William George Fagan [53−1] appeal by William George Fagan . No transcript requested. All necessary transcripts are already on file. (nc, Deputy Clerk) (Entered: 10/22/2004) |
| 10/21/2004 | 55 | | Letter of Inquiry by William George Fagan (updated docket sheet sent on 10/25/05) (nc, Deputy Clerk) (Entered: 10/25/2004) |
| 10/26/2004 | | | NOTICE of Receipt of Notice of Appeal Transmittal Letter from USCA on 10/18/04 as to William George Fagan Re: [53−1] appeal USCA Number: 04−15358−C (ga, Deputy Clerk) (Entered: 10/26/2004) |
| 10/29/2004 | 56 | | MOTION by William George Fagan to proceed in forma pauperis on appeal (nc, Deputy Clerk) (Entered: 11/09/2004) |
| 10/29/2004 | 57 | | AFFIDAVIT by William George Fagan Re: [56−1] motion to proceed in forma pauperis on appeal (nc, Deputy Clerk) (Entered: 11/09/2004) |
| 11/08/2004 | 58 | | JURISDICTIONAL QUESTION(S) as to William George Fagan in re: Notice of Appeal filed 10/14/04 (nc, Deputy Clerk) (Entered: 11/09/2004) |
| 12/17/2004 | 59 | | ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS: ORDER as to William George Fagan denying [56−1] motion to proceed in forma pauperis on appeal as to William George Fagan (1) (Signed by Judge Donald M. Middlebrooks on 12/17/04) [EOD Date: 12/21/04] CCAP (Former Deputy Clerk) (Entered: 12/21/2004) |
| 12/30/2004 | 60 | | ORDER of dismissal from USCA (certified copy) by William George Fagan dismissing [53−1] appeal for lack of jurisdiction USCA #: 04−15358−C USCA Order Date: 12/28/04 (nc, Deputy Clerk) (Entered: 12/30/2004) |
| 01/24/2005 | 61 | | MOTION by William George Fagan to vacate under 28 U.S.C. 2255 ( Civil Action # 05−80053−CIV−DMM) (bb, Deputy Clerk) (Entered: 01/25/2005) |
| 08/06/2013 | 62 | | MOTION for relief from judgment by William George Fagan. Responses due by 8/23/2013 (dj) (Entered: 08/06/2013) |
| 08/15/2013 | 63 | 31 | |

| | | | |
|---|---|---|---|
| | | | ORDER denying 62 Motion for relief from judgment as to William George Fagan (1). Signed by Judge Donald M. Middlebrooks on 8/15/2013. (dj) (Entered: 08/16/2013) |
| 05/17/2016 | 64 | | Petition and Order for Modification of Conditions with consent − 12B as to William George Fagan. Signed by Judge Donald M. Middlebrooks on 5/16/2016. (gp) (Entered: 05/17/2016) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02 80143 CR-MIDDLEBROOKS
18 USC § 922(g)(1)
18 USC § 924(e)

MAGISTRATE JUDGE
JOHNSON

02 SEP -3 PM 2:56

UNITED STATES OF AMERICA,

Plaintiff,

vs.

WILLIAM G. FAGAN III,

Defendant.

______________________________/

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

## COUNT 1

On or about August 21, 2002, in Palm Beach County, in the Southern District of Florida, the defendant,

**WILLIAM G. FAGAN III,**

having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, on or about December 17, 1993, in Case No. 93-8424-CF-A02, Sale of Cocaine, in the Circuit Court, Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, did knowingly possess a firearm in and affecting commerce, to wit: a Taurus Model PT945 .45 caliber semi-automatic pistol.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA 02-80143

UNITED STATES OF AMERICA

v.

WILLIAM G. FAGAN III

CASE NO. ________________ MAGISTRATE JUDGE JOHNSON

CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

New Defendant(s) Yes ___ No ___
Number of New Defendants ___
Total number of counts ___

Court Division: (Select One)

___ Miami ___ Key West
___ FTL _X_ WPB ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) No
List language and/or dialect ________________

4. This case will take _2_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

| (Check only one) | | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | |
| II | 6 to 10 days | | Minor | |
| III | 11 to 20 days | | Misdem. | |
| IV | 21 to 60 days | | Felony | X |
| V | 61 days and over | | | |

02 SEP -3 PM 2:56

6. Has this case been previously filed in this District Court? (Yes or No) No
If yes:
Judge: ________________ Case No. ________________
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) Yes
If yes:
Magistrate Case No. 02-5258-LRJ
Related Miscellaneous numbers: N/A
Defendant(s) in federal custody as of 8/21/02
Defendant(s) in state custody as of N/A
Rule 20 from the N/A District of ________________

Is this a potential death penalty case? (Yes or No) No

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

Carolyn Bell
CAROLYN BELL
ASSISTANT UNITED STATES ATTORNEY
Admin. No. 5500011

*Penalty Sheet(s) attached

REV.6/27/00

Case 9:02-cr-80143-DMM Document 5 Filed 09/03/02 Page 3 of 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CR-MIDDLEBROOKS

PENALTY SHEET

02 80143

Defendant's Name: WILLIAM G. FAGAN III

Case No:

MAGISTRATE JUDGE JOHNSON

Count #: I

Possession of a firearm, having prior conviction

18 USC §§ 922(g)(1) and 924(e)

02 SEP -3 PM 2:58

*** Max.Penalty:** 15 Years to Life Imprisonment; $250,000 Fine

Count #: II

Possession of ammunition, having prior conviction

18 USC §§ 922(g)(1) and 924(e)

***Max. Penalty:** 15 Years to Life Imprisonment; $250,000 Fine

Count #: III

***Max. Penalty:**

Count #: IV

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Case 9:02-cr-80143-DMM Document 5 Filed 09/03/02 Page 4 of 16

No.______________

**UNITED STATES** DISTRICT **COURT**

Southern *District of* Florida

Northern *Division*

**THE UNITED STATES OF AMERICA**

*vs.*

**WILLIAM G. FAGAN III**

# INDICTMENT

18 USC § 922(g)(1)
18 USC § 924(e)

*A true bill.*

[signature] *Foreman*

*Filed in open court this* 3 *day*

*of* September *, A.D. 20* 02

[signature] *Clerk*

*Bail. $* __________

GPO 863 928

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 02-5258-JOHNSON

UNITED STATES OF AMERICA,

Plaintiff,

vs

WILLIAM FAGEN,

Defendant.

_______________________________/

FILED BY ___ D.C.
02 AUG 23 PM 4:00
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## DETENTION ORDER

Pursuant to Title 18, U.S.C. § 3142(f), on August 22, 2002, a hearing was held to determine whether the Defendant, William Fagen, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required and the safety of any other person and the community. Therefore, it is hereby ordered that the Defendant, William Fagen, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The Defendant is charged with possession of a firearm by convicted felon. Therefore Defendant is charged with a crime of violence. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the Defendant is substantial. On August 21, 2002, the Defendant met an undercover agent and attempted to sell a .45 caliber pistol.

The Defendant offered to conduct a home invasion and hurt someone. The Defendant explained he traded an ounce of cocaine for the weapon. The Defendant has three felony convictions. 18 U.S.C. 3142(g)(2).

3. The pertinent history and characteristics of the Defendant are as follows: The Defendant is a United States citizen and has lived locally for sixteen (16) years. More recently, he has moved from apartment to apartment. He is married with one child but a divorce is in progress. He is unemployed. He has an extensive criminal record with three convictions for sale and possession of cocaine and aggravated battery on a police officer. He has numerous other arrests for aggravated battery and sexual assault on a child. 18 U.S.C. §3142 (g)(3)(A) and (B).

Based on the amount of jail time the Defendant faces, the undersigned believes that he would not appear if released on bond prior to trial. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Defendant continues to engage in criminal conduct and is likely to do so if released. Accordingly, the Defendant constitutes a danger to other persons or the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based on the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a danger to the community. Based on the above findings of fact, which were supported by the preponderance of the evidence, the Court has concluded that this Defendant presents a

Case 9:02-cr-80143-DMM Document 5 Filed 09/03/02 Page 7 of 16

risk of flight.

The Court hereby directs:

1. That the Defendant be committed to the custody of the Attorney General for the confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 23rd day of August, 2002, at West Palm Beach, Florida.

LINNEA R. JOHNSON
CHIEF U. S. MAGISTRATE JUDGE

cc: Counsel of Record

Case 9:02-cr-80143-DMM Document 5 Filed 09/03/02 Page 3 of 16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 02-5258-JOHNSON

UNITED STATES OF AMERICA

Plaintiff,

v.
WILLIAM FAGEN,

Defendant.
_______________________________/

AUG 22 2002

## ORDER ON INITIAL APPEARANCE

AUSA Lauren Jorgensen
Agent Jeffrey Kunz - ATF

Language ENGLISH
Tape No. LRJ-02 - 52-2265/2863.

The above-named defendant having been arrested on _____________ having appeared before the court for initial appearance on August 22, 2002 and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon

**ORDERED** as follows:

1. ___________________________ appeared as permanent/temporary counsel of record.
   Address: ___________________________
   Zip Code: ___________ Telephone: ___________________________
2. Federal Public Defender appointed as permanent counsel of record.
   Address: 400 Australian Ave North WPB Fl
   Zip Code: 33401 Telephone: 561-833-6288
3. The defendant shall attempt to retain counsel and shall appear before the court at 9:3:0 A.M. on ___________________________, 2002.
4. **PRELIMINARY/ARRAIGNMENT** hearing is set for 9:30am 09/05/02, 2002.
5. The defendant is held in ~~temporary~~ pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because of Govt's Req. (Detention hearing held)
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 9:30am N/A, 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

   Deft held in Pretrial Detention. (PTD Order issued)

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows: ___times a week by phone, ___time a week in person; other: ___________________________
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances

3/4

Case 9:02-cr-80143-DMM Document 5 Filed 09/03/02 Page 3 of 16

prohibited by law.

___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: ________________________________________________
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

____________________________________________________________________________

____________________________________________________________________________

This bond was set: At Arrest ____________
On Warrant __________
After Hearing _________

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _______
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forthherein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at West Palm Beach, Florida, this 22nd day of August, 2002.

**CHIEF U.S. MAGISTRATE JUDGE**
LINNEA R. JOHNSON

c: Assistant U.S. Attorney
Defendant
Counsel
U.S. Marshal
Pretrial Services/Probation

Case 9:02-cr-80143-DMM Document 9 Filed 09/09/02 Page 10 of 16

# COURT MINUTES

U.S. MAGISTRATE JUDGE **LINNEA R. JOHNSON** DATE: 08/22/02 TIME: 9:30 AM -11:00 A.M.

**DEFT.** WILLIAM FAGEN (J)

**CASE NO.** 02-5258-JOHNSON

**AUSA.** LAUREN JORGENSEN

**ATTY.** Robin Rosen-Evans, AFPD

**AGENT.** JEFFREY KUNZ - ATF

POSS OF FIREARM BY CONVICTED FELON
**VIOL.** 18:922 (g)(1)

**PROCEEDING** INITIAL

**BOND.** PTD (GOVT REQUEST)

FILED BY ___ D.C.
02 AUG 22 PM 3:16
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**FUTURE DATES**

**DISPOSITION** Defendant advised of rights

Federal Public Defender appointed

Government requested Pretrial Detention.

Pretrial Detention hearing held. Court finds

defendant is a risk of flight and a danger

to community and orders defendant pretrial detained.

Preliminary/Arraignment set 09/05/02 @ 9:30 am

Jeff Kunz - ATF agent sworn

DATE: 08/22/02

TAPE: LRJ-02- 52-2265/2863

Case 9:02-cr-80143-DMM Document 3 Filed 09/03/02 Page 11 of 16

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

WILLIAM GEORGE FAGAN,
2334 Rue Road
West Palm Beach, FL 33415

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 02-5258-LRJ

AUG 22 2002

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 21, 2002 in Palm Beach County, in the Southern District of Florida, the defendant did, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possess in or affecting interstate commerce a firearm,

in violation of Title 18 United States Code, Section(s) 922(g)(1).

I further state that I am a(n) Special Agent, ATF (Official Title) and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof: [X] Yes [ ] No

Signature of Complainant
JEFFREY T. KUNZ, Special Agent
Bureau of Alcohol Tobacco and Firearms (ATF)

Sworn to before me, and subscribed in my presence,

THE COURT FINDS PROBABLE CAUSE.

August 22, 2002 at West Palm Beach, Florida
Date City and State

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

Case 9:02-cr-80143-DMM Document 3 Filed 09/03/02 Page 12 of 16

# AFFIDAVIT

I, JEFFREY T. KUNZ, being duly sworn, depose and state:

(1) That I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms (ATF) and have been so employed for approximately twelve years. I have received specialized training regarding the investigation and enforcement of Federal Firearms violations and have conducted investigations regarding individuals involved in illegal firearms activities to include possession of a firearm by a convicted felon. That I make this statement based on my personal knowledge, court records and interviews with law enforcement officers.

(2) On December 17, 1993, WILLIAM GEORGE FAGAN, white male, date of birth 03/06/1973, was convicted of Battery on a Law Enforcement Officer, a felony under Florida State Statute 784.07(2)(b), reference case number 91-9436CF-AO2 in Palm Beach County, Florida.

(3) On December 17, 1993, WILLIAM FAGAN, white male, date of birth 03/06/1973, was convicted of Sale of Cocaine, a felony under Florida State Statute 893.12(1)(a), reference case number 93-8424CF-AO2 in Palm Beach County, Florida.

(4) On December 17, 1993, WILLIAM FAGAN, white male, date of birth 03/06/1973, was convicted of Sale of Cocaine, a felony under Florida State Statute 893.12(1)(a), reference case number 93-8426CF-AO2 in Palm Beach County, Florida.

(5) On August 21, 2002, WILLIAM FAGAN met with a confidential informant and an undercover Palm Beach County Sheriff's Agent (UCA) after information had been received that FAGAN was attempting to sell a .45 caliber pistol and that FAGAN was interested in ripping off drug dealers by committing home invasions. During the meeting the UCA asked FAGAN how serious he (FAGAN) was about doing a home invasion. FAGAN stated that he had no problem hurting someone. FAGAN then stated "What do you think about this?" as he removed a cocked and loaded .45 caliber handgun from his waistband and handed the firearm to the UCA. The UCA then asked FAGAN "You traded two ounces of cocaine for this gun?" to which FAGAN replied "no one ounce". The UCA then asked FAGAN what he wanted for the firearm and FAGAN stated "one ounce". FAGAN was then placed under arrest.

(4) On August 21, 2002, WILLIAM G. FAGAN was interviewed by ATF Special Agents and a PBSO Agent. After being advised of his rights

Case 9:02-cr-80143-DMM Document 9 Filed 09/09/02 Page 14 of 16

WILLIAM G. FAGAN stated he would speak with the Agents reference the aforementioned transaction. FAGAN gave a detailed statement to Agents. Among other things, FAGAN stated a friend named "Smitty" loaned him the gun for protection since people are trying to kill him because he is a suspect in a murder. FAGAN stated that he had a hard time finding a firearm because he is a convicted felon and cannot buy one. FAGAN stated that he was meeting with the UCA to discuss a home invasion which he thought was going to be committed after the meeting.

(5) That the firearm in this case, a Taurus, .45 caliber pistol, was not manufactured in the State of Florida, therefore the firearm has affected interstate and/or foreign commerce.

(6) That based on my training as a Special Agent for the United States Treasury Department, Bureau of Alcohol, Tobacco and Firearms, I know it is unlawful for a previously convicted felon to possess a firearm.

(7) That in light of the above, I believe that there exists sufficient probable

Case 9:02-cr-80143-DMM Document 9 Filed 09/03/02 Page 15 of 16

cause to arrest WILLIAM G. FAGAN for violation of Title 18, United States Code, Section 922(g)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

JEFFREY T. KUNZ, Special Agent
Bureau of Alcohol, Tobacco and Firearms

Sworn to and Subscribed to before me this 22th day of August, 2002.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

Case 9:02-cr-80143-DMM Document 5 Filed 09/03/02 Page 16 of 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-5258-LRJ

IN RE:

COMPLAINT

______________________/

CRIMINAL COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? ____ Yes __x__ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ____Yes __x__ No

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: ______________________________
LAUREN JORGENSEN
ASSISTANT UNITED STATES ATTORNEY
Fla Bar No. 726885
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401
TEL (561) 820-8711
FAX (561) 6594526

# United States District Court

## Southern District of Florida

**WEST PALM BEACH DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**WILLIAM G. FAGAN III,**

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

**Case Number: 9:02CR80143-Middlebrooks**

Counsel For Defendant: DAVE BRANNON
Counsel For The United States: CAROLYN BELL
Court Reporter: Roger Watford

FILED by ___ D.C.
FEB 25 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

The defendant pleaded guilty to Count I of the Indictment.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. 922(g)(1) | Felon in possession of a firearm | 8-21-2002 | I |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining counts are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 3-6-1973
Deft's U.S. Marshal No.: 72009-004

Defendant's Mailing Address:
3228 GUN CLUB ROAD
WEST PALM BEACH, FLORIDA 33406

Defendant's Residence Address:
3228 GUN CLUB ROAD
WEST PALM BEACH, FLORIDA 33406

Date of Imposition of Sentence:
February 24, 2003

DONALD M. MIDDLEBROOKS
United States District Judge

February 25, 2003

PA
30

DEFENDANT: WILLIAM G. FAGAN III
CASE NUMBER: 9:02CR80143-Middlebrooks

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **180 MONTHS**.

The Court makes the following recommendations to the Bureau of Prisons:

THE DEFENDANT BE DESIGNATED TO A FACILITY IN FLORIDA TO BE CLOSE TO FAMILY.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

________________________________________

________________________________________

________________________________________

________________________________________

Defendant delivered on ________________ to ________________________

at ____________________________, with a certified copy of this judgment.

__________________________
UNITED STATES MARSHAL

By:__________________________
Deputy U.S. Marshal

DEFENDANT: WILLIAM G. FAGAN III
CASE NUMBER: 9:02CR80143-Middlebrooks

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 YEARS**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: WILLIAM G. FAGAN III
CASE NUMBER: 9:02CR80143-Middlebrooks

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall participate in an approved treatment program for drug and/or alcohol abuse as directed by the U.S. Probation Office, and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment, if deemed necessary. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

The defendant shall participate in an approved inpatient/outpatient mental health treatment program, as directed by the U.S. Probation Office. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

DEFENDANT: WILLIAM G. FAGAN III
CASE NUMBER: 9:02CR80143-Middlebrooks

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$100.00** | **$** | **$** |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: WILLIAM G. FAGAN III
CASE NUMBER: 9:02CR80143-Middlebrooks

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A. Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**301 N. MIAMI AVENUE, ROOM 150**
**MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 9:02-cr-80143-DMM Document 63 Filed 08/15/13 Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-80143-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,
Plaintiff,

vs.

WILLIAM GEORGE FAGAN,
Defendant(s).
_______________________________/

**ORDER**

**THIS CAUSE** comes before the Court upon the defendant's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) and (6), filed August 6, 2013 (DE 62). Mr. Fagan argues that the judgment entered against him is void because he was not charged under 18 § U.S.C. 924(e), but was sentenced to the minimum mandatory set forth in § 924(e). He believes that the facts that triggered the minimum mandatory sentence imposed had to be submitted to a jury and proved beyond a reasonable doubt as set forth in *Alleyne v. United States*, 133 S. Ct. 151 (2013).

Mr. Fagan pleaded guilty to the single charge of felon in possession of a firearm. Despite his assertions, Mr. Fagan was in fact charged in the indictment under 18 § U.S.C. 922(g)(1) and § 924(e). His offense level was 30 and his criminal history category was IV. The guideline range was 135-168 months. However, Mr. Fagan was enhanced under the Armed Career Criminal Act and U.S.S.G. § 4B1.2(c)(1), (3) which triggered a 15 (fifteen) year minimum mandatory sentence.

Rule 60(b) allows the Court to relieve a party from a final judgment, order, or proceeding under certain circumstances. However, it is a civil rule and does not apply to judgments in criminal proceedings. *See* United States v. Mosavi, 138 F.3d 1356, 1366 (11th Cir. 1998). Regardless, the Court views this motion in the light most favorable to the defendant. Mr. Fagan is not entitled to the

Case 9:02-cr-80143-DMM Document 63 Filed 08/15/13 Page 2 of 2

relief he seeks. He entered a plea of guilty. By doing so, he admitted the facts proffered that establish the elements necessary to prove guilt beyond a reasonable doubt. The defendant in *Alleyne* proceeded to trial. Therefore, the facts necessary to be proven, including the facts that trigger an enhanced minimum mandatory sentence, required a jury finding. The *Alleyne* case does not apply to Mr. Fagan. The Court being fully advised in the premises, it is

**ORDERED AND ADJUDGED** that the Motion (DE 62) is hereby **DENIED**.

**DONE AND ORDERED** at West Palm Beach, Florida, this 15 day of August, 2013.

**DONALD M. MIDDLEBROOKS**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record
William George Fagan